FILED
COURT OF APPEALS
DIVISION II

2014 DEC -2 AM 8:57

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44287-6-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| RYAN WESTBROOK, | |
| Appellant. | |

BJORGEN, A.C.J. — A jury found Ryan Westbrook guilty of one count of second degree theft and three counts of first degree trafficking in stolen property. Westbrook received an exceptional sentence based on the jury's finding that he abused a position of trust to commit the crime. Westbrook appeals his convictions on the three counts of first degree trafficking in stolen property, arguing that the jury instructions were an impermissible comment on the evidence and that he received ineffective assistance of counsel. He also appeals his exceptional sentence, arguing that the special verdict form failed to specify to which charge the jury applied the aggravating circumstance. We hold that the jury instructions did not impermissibly comment on the evidence and that Westbrook did not receive ineffective assistance of counsel, but that the special verdict form and the exceptional sentence were erroneous. Consequently, we affirm Westbrook's convictions, but reverse his sentence. On remand, the resentencing court has the authority to empanel a jury to properly determine the factual basis for the aggravating factors.

## FACTS

In March 2011, Westbrook and his girlfriend, Desha Vaughn, were homeless. Joe and Lora Hade offered Westbrook and Vaughn a place to stay in their home, and they stayed with the Hades

for three to four weeks. After Westbrook and Vaughn left the Hades' home, the Hades noticed

numerous items missing, including copper scrap from their garage and Lora's jewelry. Later, the

police learned that Westbrook pawned some of the missing jewelry. The police also learned that

Westbrook sold the copper scrap metal.

The State charged Westbrook with one count of second degree theft and three counts of

first degree trafficking in stolen property. Each charge alleged that Westbrook used his position

of trust or confidence to facilitate the crime as an aggravating circumstance. The trial court gave

the following to-convict instruction on each count of first degree trafficking in stolen property:

> To convict the defendant of the crime of trafficking in stolen property in the
> first degree, as charged in [Count . . .], each of the following elements of the crime
> must be proved beyond a reasonable doubt:
> (1) That on or about and/or between . . . the defendant knowingly trafficked
> in stolen property (to-wit: . . .); and
> (2) That the acts occurred in the State of Washington.
>
> If you find from the evidence that each of these elements has been proved
> beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all the evidence, you have a reasonable
> doubt as to any one of the elements, then it will be your duty to return a verdict of
> not guilty.

Clerk's Papers (CP) at 101-03. The "to-wit" parenthetical in each of the instructions for trafficking

in stolen property listed the property involved. The jury found Westbrook guilty of all four counts.

The jury also answered "yes" to the special verdict form which read:

> We, the jury, having found the defendant guilty of either Theft in the Second
> Degree, and/or Trafficking in Stolen Property in the First [D]egree, and/or
> Trafficking in Stolen Property in the Second Degree, return a special verdict by
> answering the following question submitted by the court as follows;
>
> Question: Did the Defendant use his position of trust or confidence to facilitate the
> commission of the crime?

No. 44287-6-II

CP at 71.

Based on the special verdict form, the trial court imposed an exceptional sentence above the standard range on all four counts. Westbrook appeals.

ANALYSIS

A.    Comment on the Evidence

Westbrook argues that his convictions on the three counts of first degree trafficking in stolen property must be reversed because the to-convict instructions were impermissible comments on the evidence. As an initial matter, Westbrook did not object to the to-convict instructions at the trial court. Under RAP 2.5(a), an issue not raised at the trial court is generally waived on appeal. However, under RAP 2.5(a)(3), a party may raise a manifest error affecting a constitutional right for the first time on appeal. An allegation that a jury instruction constitutes an impermissible comment on the evidence is a manifest error affecting a constitutional right. *State v. Levy*, 156 Wn.2d 709, 719-20, 132 P.3d 1076 (2006). Therefore, Westbrook may raise his challenge to the first degree trafficking in stolen property to-convict jury instructions for the first time on appeal.

We review jury instructions de novo. *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). Article IV, section 16 of the Washington Constitution prohibits a judge from "'conveying to the jury his or her personal attitudes toward the merits of the case' or instructing the jury that 'matters of fact have been established as a matter of law.'" *Levy*, 156 Wn.2d at 721 (quoting *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997)). But an improper comment on the evidence is not per se prejudicial error that requires automatic reversal. *Levy*, 156 Wn.2d at 725. Instead,

3

an improper comment on the evidence is presumed to be prejudicial "unless the record affirmatively shows that no prejudice could have resulted." *Levy*, 156 Wn.2d at 725.

Here, even if we assume that the jury instructions were erroneous, the record shows that no prejudice could have resulted from the error. If the jury instructions impermissibly comment on the evidence, they do so by impermissibly stating that the property referenced in the instruction is stolen property. However, as the State correctly points out, it had to prove that Westbrook knew the property was stolen. *State v. Killingsworth*, 166 Wn. App. 283, 289, 269 P.3d 1064 (2012). There was little dispute as to whether the property referenced in the instructions was stolen. Instead, the dispute was whether Westbrook knew the property was stolen when he sold it. The defense's theory of the crime was that Vaughn stole the property from the Hades and then asked Westbrook to sell it for her. During closing argument, Westbrook actually referred to the property as stolen.

Thus, the status of the property as stolen was not in dispute. The central fact in dispute was whether Westbrook knew it was stolen. Even if we assume the jury instructions conveyed to the jury that the property was stolen, they did not convey to the jury that Westbrook knew the property was stolen. For these reasons, the instruction did not violate the rule that a jury instruction that removes a disputed issue of fact from the jury's consideration is improper and prejudicial. *Becker*, 132 Wn.2d at 64-65. Further, the jury instructions did not impede Westbrook's ability to argue that he did not know the property he sold was stolen. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007) (jury instructions are proper when they inform the jury of the applicable law, are not misleading, and allow each party to argue its theory of the case). Here, the record

demonstrates that any comment on the evidence contained in the to-convict instructions could not have resulted in prejudice.

B. Ineffective Assistance of Counsel

Westbrook argues that he received ineffective assistance of counsel because his defense attorney proposed a to-convict instruction similar to the instruction given by the trial court, which he argues impermissibly commented on the evidence. Westbrook's primary argument is based on the assumption that we will decline to address the validity of the jury instruction because of invited error. Because we address the merits of Westbrook's claim regarding the to-convict jury instruction, we do not address Westbrook's claim that he received ineffective assistance of counsel because his counsel invited error.

To the extent that Westbrook alleges that his counsel was ineffective for proposing the instruction, regardless of whether we apply the invited error doctrine, his claim lacks merit. To prevail on an ineffective assistance of counsel claim the defendant must show that counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700. Even if we assume that counsel's performance was deficient, Westbrook cannot show prejudice. As explained above, the instruction at issue given by the trial court did not prejudice Westbrook. Therefore, any similarity between that instruction and the one Westbrook proposed also did not prejudice him. Consequently, Westbrook has not met his burden to show he was prejudiced by the instruction his counsel proposed, and his ineffective assistance of counsel claim must fail.

## C.     Special Verdict Form and Exceptional Sentence

Westbrook also argues that the trial court improperly imposed exceptional sentences above the standard range on all four counts because the special verdict form does not specify which charges the jury found the aggravating circumstance applied to. The State correctly concedes that the special verdict form and the resulting exceptional sentence are erroneous.

Under RCW 9.94A.535, the trial court may impose a sentence outside the standard range for an offense if there are substantial and compelling reasons. RCW 9.94A.535(3) sets out the exclusive list of aggravating factors that can support an exceptional sentence above the standard range. The aggravating factors in RCW 9.94A.535(3) must be found by a jury. Under this sentencing scheme, a trial court may not impose an exceptional sentence on a charge unless a jury has found an aggravating circumstance applies to that particular charge.

Based on the special verdict form provided by the jury it is impossible to determine which charges the jury found the aggravating factor applied to. Therefore, the trial court did not have the authority to impose an exceptional sentence on any of the charges, and the State's concession is proper.

However, the parties disagree about the appropriate remedy. Westbrook asks that we remand to the trial court to resentence him within the standard range. The State asks us to remand to the trial court to allow the State to retry the aggravating factor. The State is correct. Remand for the State to properly prove the aggravating factors is the correct remedy. *State v. Reyes-Brooks*, 165 Wn. App. 193, 206, 267 P.3d 465 (2011), *on remand*, 171 Wn. App. 1028, 2012 WL 5477830 (Nov. 13, 2012). Accordingly, at resentencing, the trial court may empanel a jury to consider the

No. 44287-6-II

factual basis for the aggravating factors as to each charge. *Reyes-Brooks*, 165 Wn. App. at 206; *see also* RCW 9.94A.537(2).

CONCLUSION

Any comment on the evidence in the to-convict instructions for first degree trafficking in stolen property could not have prejudiced Westbrook, and he did not receive ineffective assistance of counsel. Therefore, we affirm his convictions. However, the State properly concedes that the special verdict form and the exceptional sentence above the standard range were improper. We accept the State's concession and remand to the trial court for resentencing consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

WORSWICK, J.

LEE, J.

7